**Ex parte Julio MARTINEZ.**

**No. 06–05–00208–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 26, 2005.

Decided Sept. 27, 2005.

Julio Martinez, Bryan, pro se.

Bobby Lockhart, Dist. Atty., Texarkana, Elizabeth Alisse Goettert, Atty. Gen. Office–Post Conviction Litigation, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

On September 19, 2005, Julio Martinez filed with this Court an original application for writ of habeas corpus following his conviction for felony driving while intoxicated. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon 2005) (noncapital, post-conviction, felony writ application); *and* Tex. Pen.Code Ann. § 49.09 (Vernon Supp. 2004–2005). Martinez claims (1) he received ineffective assistance of counsel at trial, (2) he received ineffective assistance of counsel on appeal, and (3) the evidence is insufficient to support his conviction. We conclude we are not legally authorized to consider Martinez' application for writ of habeas corpus, and we dismiss this original proceeding for want of jurisdiction.

## I. Procedural History of the Underlying Felony DWI Conviction

On July 8, 2003, Martinez pled guilty in the 102nd Judicial District Court of Bowie County, Texas, to the offense of driving while intoxicated—subsequent offense. *See* Tex. Pen.Code Ann. § 49.04 (Vernon 2003), § 49.09. The terms of Martinez' plea agreement called for his sentence to be set at ten years' imprisonment, a plea agreement which the trial court accepted and followed. Martinez then timely appealed his conviction to this Court.[1] Ultimately,

---

1. Martinez' notice of appeal was received and filed by the trial court August 19, 2003, more than thirty days after the trial court imposed its sentence. However, under the "mailbox rule," which provides that a document is timely filed if it is received within ten days

this Court dismissed the appeal pursuant to Texas Rules of Appellate Procedure 25.2(a)(2), 25.2(d), and 37.1 because the trial court did not certify Martinez had the right to appeal. *Martinez v. State,* No. 06–03–00184–CR, slip op. at 2 (Tex.App.-Texarkana Nov. 4, 2003, pet. denied) (mem.op.) (not designated for publication). Our prior opinion did not address whether Martinez' plea agreement would bar consideration of any potential appellate issues. *Id.; and see* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(3) (Vernon Supp.2004–2005).

## II. The Procedural History of Martinez' State and Federal Habeas Applications

 The habeas record submitted by Martinez indicates he has filed an application for writ of habeas with the federal district court. *See Martinez v. TDCJ,* No. 5:04–CV–00240–DF–CMC (E.D.Tex.). The federal application apparently raises the same issues Martinez now presents in his state habeas application to this Court. The federal district court did not adjudicate the merits of Martinez' application, but instead issued a ninety-day stay during which Martinez must submit these to a state court for review.[2] *Cf. Zarvela v. Artuz,* 254 F.3d 374, 377 (2d Cir.2001) (federal district judge has discretion to stay habeas application while applicant litigates unexhausted claim in state court); *Delaney v. Matesanz,* 264 F.3d 7, 15 n. 5 (1st Cir.2001) (recommending federal district courts follow stay procedure when confronted with claim that has not been previously reviewed by state court); *Hill*

*v. Anderson,* 300 F.3d 679, 683 (6th Cir. 2002) (adopting *Zarvela* approach to treatment of unexhausted *Atkins* claim). The Texas Court of Criminal Appeals has recently approved this two-forum procedure, modifying its previous prohibition against Texas district courts considering habeas applications when the applicant has an application simultaneously pending in federal court. *Ex parte Soffar,* 143 S.W.3d 804, 806–07 (Tex.Crim.App.2004) (modifying prohibition against parallel writs embodied by *Ex parte Powers,* 487 S.W.2d 101 (Tex. Crim.App.1972)).

## III. This Court Lacks Jurisdiction To Review a Post–Conviction Writ Application

 Our original and appellate jurisdiction is limited by the Texas Constitution and by statutes promulgated by the Texas Legislature and approved by the Governor. The Texas Constitution grants this Court original jurisdiction only in cases where specifically prescribed by law. TEX. CONST. art. V, § 6. As it relates to the case now before us, we are not among the list of courts authorized to grant relief pursuant to post-conviction writs of habeas corpus. TEX.CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). We also are not authorized under TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004) to consider an original, post-conviction application for writ of habeas corpus. Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made

---

after the filing deadline, Martinez' notice of appeal would be considered timely because its receipt and filing was within ten days of the original due date provided for under our Rules of Appellate Procedure. *See* TEX.R.APP. P. 9.2(b)(1).

**2.** Under the federal Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.A. § 2241 *et seq.* (West 1994 & Supp.2005), federal courts generally lack authority to grant habeas relief on claims that have not been first presented to, and rejected by, the state courts. *Ex parte Soffar,* 120 S.W.3d 344, 345 (Tex.Crim.App.2003).

returnable to the Texas Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (Vernon 2005).[3]

As we are without jurisdiction to consider Martinez' originally-filed post-conviction application for writ of habeas corpus, we must dismiss his application. *See Watson v. State,* 96 S.W.3d 497, 500 (Tex.App.-Amarillo 2002, pet. ref'd) (dismissing two points of error within appeal of denial of motion for post-conviction DNA testing because those points of appeal amounted to request for original habeas relief, which intermediate appellate court was without jurisdiction to grant). If Martinez wishes to have his application reviewed by a state court of competent jurisdiction, his post-conviction application should be submitted to the court of original conviction, and he should make his application returnable to the Texas Court of Criminal Appeals in compliance with TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

For the reason stated, we dismiss this proceeding for want of jurisdiction.

**3.** The Texas Court of Criminal Appeals has mandated that a specific form be used for post-conviction habeas applications. *See* TEX. R.APP. P. appendix (instructions for 11.07 writ application accompanied by form to be used by applicant). Martinez' current application does appear to comply with that form.