TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00002-CR






James Douglas Jones, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT

NO. 2003-197A, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING



 

 


NO. 03-11-00100-CV






In re James Douglas Jones







ORIGINAL PROCEEDING FROM CALDWELL COUNTY





M E M O R A N D U M O P I N I O N


 In April 2004, appellant James Douglas Jones was placed on deferred adjudication
community supervision after he pleaded guilty to the offense of aggravated assault of a
public servant. See Tex. Penal Code Ann. § 22.02 (West Supp. 2010). Following a hearing on
September 29, 2008, the district court granted the State's motion to adjudicate, adjudged Jones
guilty, and sentenced him to twenty-five years in prison. This Court affirmed Jones's conviction. 
See Jones v. State, No. 03-08-00683-CR, 2009 Tex. App. LEXIS 8962 (Tex. App.--Austin Nov. 20,
2009, pet. denied) (mem. op., not designated for publication).

 Subsequently, Jones filed a writ of habeas corpus with the district court pursuant
to article 11.07 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 11.07
(West Supp. 2010). On November 22, 2010, the district court entered its order finding that "there
are no controverted, previously unresolved issues of fact material to the legality of the petitioner's
confinement" and forwarded a copy of its order to the court of criminal appeals.


Cause number 03-11-00002-CR

 In cause number 03-11-00002-CR, Jones has filed a pro se notice of appeal from
the district court's order. Intermediate courts of appeals have no jurisdiction over post-conviction
writs of habeas corpus in felony cases. See Ex parte Alexander, 685 S.W.2d 57, 60 (Tex. Crim. App.
1985); Ex parte Martinez, 175 S.W.3d 510, 512-13 (Tex. App.--Texarkana 2005, orig. proceeding);
see also Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction applications for writs of habeas
corpus, for felony cases in which death penalty was not assessed, must be filed in court of original
conviction and made returnable to court of criminal appeals). The court of criminal appeals has
exclusive jurisdiction to review the merits of a post-conviction application for habeas relief under
article 11.07. See Tex. Code Crim. Proc. Ann. art. 11.07, § 5. Accordingly, we dismiss the appeal
for want of jurisdiction. (1)

Cause number 03-11-00100-CV

 In cause number 03-11-00100-CV, Jones has filed a petition for writ of mandamus,
complaining of the district court's "refusal to hear the merits" of his habeas application. In the
petition, Jones claims that the district court has violated article 11.072 of the code of criminal
procedure by failing "to make a ruling granting or denying the relief sought in the application." See
id. art. 11.072, § 6 (West 2005) (providing that in habeas application filed pursuant to article 11.072,
"the trial court shall enter a written order granting or denying the relief sought in the application");
see also Ex parte Cozzi, 138 S.W.3d 454, 455 (Tex. App.--Fort Worth 2004, pet. ref'd) (observing
that in habeas applications filed pursuant to article 11.072, applicant may file petition for writ of
mandamus in intermediate appellate court "requesting that the trial judge be ordered to rule on
his application").

 However, article 11.072 applies only to "an application for a writ of habeas corpus
in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment
of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1.
Jones's habeas application arises not from the district court's order placing him on community
supervision, but from the district court's subsequent judgment revoking community supervision and
sentencing Jones to prison. (2) Thus, the applicable provision is not article 11.072 but article 11.07. 
See id. art. 11.07, § 1 ("This article establishes the procedures for an application for writ of habeas
corpus in which the applicant seeks relief from a felony judgment imposing a penalty other
than death.").

 This Court has no authority to issue a writ of mandamus to compel a district court
to rule on an application for writ of habeas corpus in which the judgment of conviction is final. In re
McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st Dist] 2001, orig. proceeding). Again, this
is because jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively
with the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5;
Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d
481, 483 (Tex. Crim. App. 1995); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243
(Tex. Crim. App. 1991) (finding that intermediate appeals court improperly granted mandamus relief
when what applicant actually sought was post-conviction habeas relief; observing that court of
criminal appeals was "the only court with jurisdiction in final post-conviction felony proceedings").
Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: March 9, 2011

Do Not Publish
1. We also note that Jones's notice of appeal is dated December 28, 2010, which is beyond
the 30-day deadline for filing a notice of appeal. See Tex. R. App. P. 26.2(a)(1). On January 26,
2011, Jones filed a motion for extension of time to file his notice of appeal, but it was not timely
filed. See Tex. R. App. P. 26.3. Thus, even if this was not a post-conviction habeas case pursuant
to article 11.07, we would still lack jurisdiction to dispose of the purported appeal in any manner
other than by dismissing it for want of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App.1998); Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). At any
rate, because we are dismissing the appeal on other grounds, we dismiss the motion for extension of
time as moot.
2. Specifically, Jones argues that the district court's subsequent judgment and sentence is
"void" because the district court lacked jurisdiction to place him on deferred adjudication probation.
We note that the court of criminal appeals has rejected this argument. See Rhodes v. State,
240 S.W.3d 882, 889-92 (Tex. Crim. App. 2007); Ex parte Williams, 65 S.W.3d 656, 657-58
(Tex. Crim. App. 2001).