# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00002-CR

**James Douglas Jones, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
NO. 2003-197A, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING**

---

## NO. 03-11-00100-CV

**In re James Douglas Jones**

---

**ORIGINAL PROCEEDING FROM CALDWELL COUNTY**

## M E M O R A N D U M   O P I N I O N

In April 2004, appellant James Douglas Jones was placed on deferred adjudication community supervision after he pleaded guilty to the offense of aggravated assault of a public servant. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2010). Following a hearing on September 29, 2008, the district court granted the State's motion to adjudicate, adjudged Jones guilty, and sentenced him to twenty-five years in prison. This Court affirmed Jones's conviction. *See Jones v. State*, No. 03-08-00683-CR, 2009 Tex. App. LEXIS 8962 (Tex. App.—Austin Nov. 20, 2009, pet. denied) (mem. op., not designated for publication).

Subsequently, Jones filed a writ of habeas corpus with the district court pursuant to article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010). On November 22, 2010, the district court entered its order finding that "there are no controverted, previously unresolved issues of fact material to the legality of the petitioner's confinement" and forwarded a copy of its order to the court of criminal appeals.

**Cause number 03-11-00002-CR**

In cause number 03-11-00002-CR, Jones has filed a pro se notice of appeal from the district court's order. Intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals). The court of criminal appeals has exclusive jurisdiction to review the merits of a post-conviction application for habeas relief under article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5. Accordingly, we dismiss the appeal for want of jurisdiction.[1]

---

[1] We also note that Jones's notice of appeal is dated December 28, 2010, which is beyond the 30-day deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.2(a)(1). On January 26, 2011, Jones filed a motion for extension of time to file his notice of appeal, but it was not timely filed. *See* Tex. R. App. P. 26.3. Thus, even if this was not a post-conviction habeas case pursuant to article 11.07, we would still lack jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). At any rate, because we are dismissing the appeal on other grounds, we dismiss the motion for extension of time as moot.

**Cause number 03-11-00100-CV**

In cause number 03-11-00100-CV, Jones has filed a petition for writ of mandamus, complaining of the district court's "refusal to hear the merits" of his habeas application. In the petition, Jones claims that the district court has violated article 11.072 of the code of criminal procedure by failing "to make a ruling granting or denying the relief sought in the application." *See id*. art. 11.072, § 6 (West 2005) (providing that in habeas application filed pursuant to article 11.072, "the trial court shall enter a written order granting or denying the relief sought in the application"); *see also Ex parte Cozzi*, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref'd) (observing that in habeas applications filed pursuant to article 11.072, applicant may file petition for writ of mandamus in intermediate appellate court "requesting that the trial judge be ordered to rule on his application").

However, article 11.072 applies only to "an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1. Jones's habeas application arises not from the district court's order placing him on community supervision, but from the district court's subsequent judgment revoking community supervision and sentencing Jones to prison.[2] Thus, the applicable provision is not article 11.072 but article 11.07.

---

[2] Specifically, Jones argues that the district court's subsequent judgment and sentence is "void" because the district court lacked jurisdiction to place him on deferred adjudication probation. We note that the court of criminal appeals has rejected this argument. *See Rhodes v. State*, 240 S.W.3d 882, 889-92 (Tex. Crim. App. 2007); *Ex parte Williams*, 65 S.W.3d 656, 657-58 (Tex. Crim. App. 2001).

3

*See id*. art. 11.07, § 1 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death.").

This Court has no authority to issue a writ of mandamus to compel a district court to rule on an application for writ of habeas corpus in which the judgment of conviction is final. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist] 2001, orig. proceeding). Again, this is because jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (finding that intermediate appeals court improperly granted mandamus relief when what applicant actually sought was post-conviction habeas relief; observing that court of criminal appeals was "the only court with jurisdiction in final post-conviction felony proceedings"). Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: March 9, 2011

Do Not Publish