# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00046-CR

## Ex parte Quincey Lakeith Gibson

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 08-383-K277A, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gibson pleaded guilty to the felony offense of possession of a controlled substance and was sentenced to 45 years' imprisonment. This Court affirmed Gibson's conviction on appeal. *See Gibson v. State*, No. 03-09-00162-CR, 2009 Tex. App. LEXIS 7474 (Tex. App.—Austin Sept. 25, 2009, no pet.).

Subsequently, Gibson filed with the district court an application for a post-conviction writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010). The district court entered an order recommending denial of the application and forwarded a copy of its order to the court of criminal appeals. Gibson has filed a pro se notice of appeal in this Court from that order.

Intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction applications for writs of habeas

corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals). The court of criminal appeals has exclusive jurisdiction to review the merits of a post-conviction application for habeas relief under article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5. Accordingly, we dismiss the appeal for want of jurisdiction.[1]

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed: August 25, 2011

Do Not Publish

_____

[1] In this cause, Gibson has also filed a motion for extension of time to file his brief and a motion for appointment of counsel. In light of our disposition of this appeal, we dismiss as moot Gibson's motions.