

IN THE
TENTH COURT OF APPEALS

No. 10-11-00377-CR

EX PARTE MARTIN LEE TREDWAY

From the 220th District Court
Bosque County, Texas
Trial Court No. 05-02-13863-BCCR

## MEMORANDUM OPINION

Martin Lee Tredway has filed what he calls a "Motion for Harm Analysis," in which he argues that the trial court improperly excluded evidence which purportedly supported his innocence with respect to his conviction for sexual assault of a child.[1] In his motion, Tredway "prays his motion may be 'granted' in the interest of justice and without prejudice set aside and vacate the appellant's judgment of sentence under

---

[1] Appellant's "Motion for Harm Analysis" does not contain proof of service. A copy of all documents presented to the Court must be served on all parties to the appeal and must contain proof of service. TEX. R. APP. P. 9.5. Proof of service may be in the form of either an acknowledgment of service by the person served or a certificate of service. *Id.* at R. 9.5 (d).

On October 21, 2011, we received a letter informing us that appellant has not served his "Motion for Harm Analysis" on the State. To expedite this matter, we implement Texas Rule of Appellate Procedure 2 and suspend the proof of service requirement of rule 9.5 **for this document only**. *Id.* at R. 2. **All future filings must comply with rule 9.5.**

*Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)."[2]  We construe Tredway's

"Motion for Harm Analysis" as a post-conviction writ of habeas corpus.  *See* TEX. CODE

CRIM. PROC. ANN. art. 11.01 (West 2005) ("The writ of habeas corpus is the remedy to be

used when any person is restrained in his liberty.").

This Court, as an intermediate appellate court, has no jurisdiction over post-

conviction writs of habeas corpus in felony cases.  *See Ex parte Martinez*, 175 S.W.3d 510,

512-13 (Tex. App.—Texarkana 2005, orig. proceeding) ("Our law requires post-

conviction applications for writs of habeas corpus, for felony cases in which the death

penalty was not assessed, to be filed in the court of original conviction, made returnable

to the Texas Court of Criminal Appeals.") (citing TEX. CODE CRIM. PROC. ANN. art. 11.07,

§3(a), (b) (West Supp. 2010)); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st

Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals

has jurisdiction in final post-conviction felony proceedings"); *see also Ex parte Maxey*,

No. 10-10-00345-CR, 2010 Tex. App. LEXIS 8141 (Tex. App.—Waco Oct. 6, 2010, no pet.)

(mem. op., not designated for publication).

Because we have no jurisdiction over this post-conviction habeas corpus

proceeding, we dismiss it.


AL SCOGGINS
Justice

---

[2] We also note that the proposition of law for which Tredway cites the *Clewis* opinion has been overruled by the Texas Court of Criminal Appeals.  *See Brooks v. State*,  323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Dismissed
Opinion delivered and filed November 2, 2011
Do not publish
[CR25]