

IN THE
TENTH COURT OF APPEALS

No. 10-11-00421-CR

IN RE LAWRENCE MOSLEY

Original Proceeding

## MEMORANDUM OPINION

Relator's application for writ of mandamus[1] against a *former* district judge is dismissed for lack of jurisdiction.[2] *See* TEX. GOV'T CODE ANN. § 22.221(b)(1) (West 2004)

---

[1] Relator's (petition) for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). It lacks an appendix and a certified or sworn record, as required by Rules 52.3(k) and 52.7(a)(1). *See id.* 52.3(k), 52.7(a)(1). And, it lacks proof of service on the Respondent (the former District Judge) and the Real Party in Interest (the State of Texas, by the District Attorney for Navarro County). A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5; 52.2. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding. *Id.* 2.

[2] Relator alleges that Respondent was disqualified to preside over and revoke Relator's community supervision in 2001 and to preside over Relator's subsequent applications for habeas relief in 2003, 2006, and 2008 because Respondent had participated as an assistant district attorney in Relator's criminal case in 1996. *See* TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006) ("no judge … shall sit in any case … where he has been of counsel for the State"). Relator thus asserts that Respondent's order revoking community supervision is void and that Respondent's habeas corpus findings and conclusions are void. Because of the nature of Relator's allegations and the relief he seeks, Rule 7.2 is not applicable. *See* TEX. R. APP. P. 7.2.

(providing that court of appeals may issue writ of mandamus against "a judge of a district or county court in the court of appeals district").

Furthermore, to the extent that Relator requests that Respondent's orders pertaining to Relator's felony conviction (including orders on Relator's subsequent applications for writ of habeas corpus) be vacated as void, Relator is seeking post-conviction habeas corpus relief, and this Court does not have jurisdiction of post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases).


                                      REX D. DAVIS
                                      Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition dismissed
Opinion delivered and filed November 16, 2011
Do not publish
[OT06]