Opinion issued December
1, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00965-CR

———————————

In
re ROBERT B. MILES, Relator



 



 

Original Proceeding on
Petition for Writ of Habeas Corpus



 



 

 

MEMORANDUM OPINION

          Relator, Robert B. Miles, has filed a
pro se petition for writ of habeas corpus seeking relief from his incarceration
for the first-degree felony offense of aggravated robbery.  See Tex. Penal Code Ann. § 29.03(a)(2), (b)
(Vernon 2011). In his petition, Miles states that he was convicted of the offense
of aggravated robbery on January 29, 1990 and sentenced to 15 years in
prison.  He avers that he was paroled on
September 6, 2000.  He asserts that the
Board of Pardons and Paroles revoked his parole on October 12, 2007 because he
had violated conditions placed on him related to a juvenile adjudication for a sex
offense.  Miles states that he was
returned to prison after his parole was revoked.  Miles asserts that the Board of Board of
Pardons and Paroles’ decision to revoke his parole based on requirements
stemming from his juvenile adjudication violates a number of his constitutional
rights, including his right to due process.  


          To
the extent a parole decision may implicate the due process rights of a
convicted felon, the remedy is through a post-conviction application for writ
of habeas corpus filed under article 11.07 of the Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2011); Board of Pardons & Paroles
ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 484
(Tex. Crim. App. 1995).  Intermediate
courts of appeals have no jurisdiction over post-conviction writs of habeas
corpus in felony cases.  See Ex parte Alexander, 685 S.W.2d 57,
60 (Tex. Crim. App. 1985); Ex parte
Martinez, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); see also Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction
applications for writs of habeas corpus, for felony cases in which death
penalty was not assessed, must be filed in court of original conviction and
made returnable to court of criminal appeals).  The Court of Criminal Appeals has exclusive
jurisdiction to review the merits of a post-conviction application for habeas
relief under article 11.07.  See Tex.
Code Crim. Proc. Ann. art. 11.07, § 5; Keene, 910 S.W.2d at 484.

          We
dismiss Miles’s petition for post-conviction writ of habeas corpus for lack of
jurisdiction.

PER CURIAM

Panel consists of Justices Keyes, Higley, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).