TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00345-CV






In re Charles Allen Collins






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R AN D U M O P I N I O N



 Relator Charles Allen Collins filed a pro se petition for writ of mandamus seeking
to compel the district court to comply with this Court's mandate in correcting Collins's judgment
of conviction to reflect that Collins pled "not true" to enhancement paragraphs. See Collins v. State,
03-98-00290-CR, 1999 Tex. App. LEXIS 1791, at *5 (Tex. App.--Austin Mar. 18, 1999, pet. ref'd)
(not designated for publication) (affirming conviction as modified). However, the Travis County
District Clerk's record in the underlying cause reflects the April 10, 2012 filing of a modified
judgment showing that the plea to the enhancement paragraphs was "not true."

 Collins's petition further contends that one of the enhancement paragraphs should
not have been used for sentencing and seeks to "collaterally attack the enhancement paragraph."
Such attack would fall within the scope of a post-conviction writ of habeas corpus, and this
Court lacks jurisdiction over post-conviction writs of habeas corpus in felony cases. See Ex parte
Alexander, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); Ex parte Martinez, 175 S.W.3d 510, 512-13
(Tex. App.--Texarkana 2005, orig. proceeding); see also Tex. Code Crim. Proc. Ann. art. 11.07, § 3
(West Supp. 2011) (requiring post-conviction applications for writs of habeas corpus in felony
cases in which death penalty was not assessed to be filed in court of original conviction and
made returnable to court of criminal appeals). The court of criminal appeals has exclusive
jurisdiction to review the merits of a post-conviction application for habeas relief under article 11.07.
See Tex. Code Crim. Proc. Ann. art. 11.07, § 5.

 Accordingly, Collins's petition for writ of mandamus is denied. See Tex. R. App.
P. 52.8(a).


 __________________________________________

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: May 24, 2012