# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00001-CV

### In re Aaron Angel Gregory Johnson

### ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Aaron Angel Gregory Johnson, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). In the petition, Johnson asks this Court to "grant him relief by way of remanding his application [for writ of habeas corpus] back to the district court and ordering it to hear his writ." *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2011).

The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure. *Id*.; *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996). While a post-conviction application for habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5. Only the court of criminal appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005,

orig. proceeding).  Because Johnson's petition for mandamus relief is based on the trial court's failure to act on his post-conviction writ of habeas corpus, we lack jurisdiction over his complaint. *See McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992).

The petition for writ of mandamus is dismissed for want of jurisdiction.  *See* Tex. R. App. P. 52.8(a).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   May 30, 2012