

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00218-CR

## IN RE HUBERT WARREN

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

Hubert Warren's petition for writ of mandamus asserts that Warren's underlying criminal conviction is void and that he is being restrained of his liberty.[1] Warren is thus seeking post-conviction habeas corpus relief, and this Court does not have jurisdiction of post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (intermediate court

---

[1] Warren's petition has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). It lacks an appendix and a certified or sworn record, as required by Rules 52.3(k) and 52.7(a)(1). *See id.* 52.3(k), 52.7(a)(1). And, it lacks proof of service on the Real Party in Interest (the State of Texas, by the District Attorney for Ellis County). A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5; 52.2. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding. *Id.* 2.

of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases); TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West Supp. 2011).

> Only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). This court lacks jurisdiction to grant mandamus relief in matters related to a post-conviction writ application. *See McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (Court of Criminal Appeals has jurisdiction to order the trial court to rule on applicant's post-conviction writ of habeas corpus.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (concluding that intermediate courts of appeals have no authority to issue writs of mandamus in criminal [ ] matters pertaining to article 11.07 writs).

*In re Ray*, No. 14-11-00509-CR, 2011 WL 2462554 (Tex. App.—Houston [14th Dist.] June 21, 2011, orig. proceeding) (mem. op., not designated for publication).

Because the relief that Warren seeks relates to post-conviction habeas corpus relief, we do not have jurisdiction over this original proceeding and thus dismiss it.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed
Opinion delivered and filed July 19, 2012
Do not publish
[OT06]