# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00094-CV

### In re Michael McGoldrick

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Michael McGoldrick, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). In the petition, McGoldrick seeks a writ requiring the trial court to rule on his motion for a copy of the clerk's record and reporter's record from his trial. McGoldrick contends that the record is necessary so that he may prepare his post-conviction petition for writ of habeas corpus.[1] For the following reasons, we deny McGoldrick's petition for writ of mandamus.

As an initial matter, we address our jurisdiction to consider McGoldrick's mandamus petition. Generally, an intermediate court of appeals has no jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *see also Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.).

---

[1] McGoldrick appealed the conviction from which he now seeks the clerk's record and reporter's record. McGoldrick's attorney was provided access to the appellate record, which he used to prepare the appellate brief. This court affirmed McGoldrick's conviction. *See McGoldrick v. State*, No. 03-07-00132-CR, 2007 WL 2462035 (Tex. App.—Austin Aug. 29, 2007, no pet.).

Similarly, an intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (concluding intermediate appellate court could not order trial court to rule on habeas petition); *see also In re Fierro*, No. 03-12-00018-CV, 2012 WL 414020, at *1 (Tex. App.—Austin Feb. 9, 2012, orig. proceeding) (mem. op., not designated for publication) ("[C]omplaints regarding the trial court's failure to address a recusal motion filed in connection with . . . [a] habeas proceeding should be addressed to the Court of Criminal Appeals."). However, the court of criminal appeals has recently held that its "exclusive Article 11.07 jurisdiction [does not] divest[] an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district court is not ruling on a motion when the relator has no Article 11.07 application pending." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, No. AP-76,727, 2013 WL 85372, at *2 (Tex. Crim. App. Jan. 9, 2013) (orig. proceeding). McGoldrick's mandamus petition indicates that he has not yet filed a petition for writ of habeas corpus. Therefore, we have jurisdiction to hear his mandamus petition. *See id.* We next turn to the merits of McGoldrick's claim.

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that (1) a ministerial act, not a discretionary or judicial decision, is being sought, and that (2) there is no other adequate legal remedy at law to redress the alleged harm. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007, orig. proceeding). A trial court has a ministerial duty to consider and rule, within a reasonable time, on motions properly filed and pending before the court. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). However, a court is not required to consider a

2

motion not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

According to the document attached to McGoldrick's petition, he twice filed motions for leave to obtain copies of the records and he "respectfully requests that said judge answer said motion." McGoldrick filed the first motion on or about March 25, 2011, and he filed the second motion on June 8, 2011. Admittedly, the trial court has had a reasonable amount of time to rule on the motions, which is a ministerial act subject to mandamus relief. *See State ex. rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

However, filing a motion with the district clerk does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Because McGoldrick's petition fails to demonstrate that his motion has actually been brought to the trial court's attention or presented for a ruling, we cannot hold under this record that the trial court failed to perform a non-discretionary act. Therefore, we deny McGoldrick's petition for writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8.

The petition for writ of mandamus is denied.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: January 29, 2013

3