

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00329-CR

## EX PARTE BOBBY JOE WALLER,

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 20,825**

## MEMORANDUM OPINION

On September 13, 2013, we received a letter from appellant, Bobby Joe Waller.[1] In this letter, appellant complains about a prior conviction in 1982 and about our July 18, 2013 opinion in this case, wherein we affirmed appellant's conviction for failing to register as a sex offender. *See generally Waller v. State*, No. 10-12-00089-CR, 2013 Tex. App. LEXIS 8909 (Tex. App.—Waco July 18, 2013, no pet.) (mem. op., not designated for publication). Our records indicate that, after we issued our opinion, appellant filed

---

[1] Appellant's letter does not contain proof of service. Once again, we note that a copy of all documents presented to the Court must be served on all parties to the appeal and must contain proof of service. TEX. R. APP. P. 9.5. Proof of service may be in the form of either an acknowledgement of service by the person served or a certificate of service. *Id.* at R. 9.5(d). To expedite this matter, we implement Texas Rule of Appellate Procedure 2 and suspend the proof of service requirement of rule 9.5 **for this document only**. *Id.* at R. 2. **All future filings must comply with rule 9.5.**

several letters, including a motion for rehearing. On August 21, 2013, we denied appellant's motion for rehearing and declined to take action on appellant's other letters. We did, however, inform appellant that this Court does not have jurisdiction over post-conviction applications for writ of habeas corpus.

Given that appellant appears to challenge his underlying convictions in his September 13, 2013 letter, we construe this filing as a post-conviction application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."). Further, because we have denied appellant's motion for rehearing, and because this Court does not have jurisdiction over post-conviction applications for writ of habeas corpus, we conclude that this Court no longer has jurisdiction over this matter. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) ("Our law requires post-conviction applications for writs of habeas corpus for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals.") (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a)-(b) (West Supp. 2012)); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings"); *see also Ex parte Maxey*, No. 10-10-00345-CR, 2010 Tex. App. LEXIS 8141 (Tex. App.—Waco Oct. 6, 2010, no pet.) (mem. op., not designated for publication). Accordingly, we dismiss this matter for lack of jurisdiction. *See* TEX. R. APP. P. 44.3.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed October 17, 2013
Do not publish
[CR25]