

# NUMBER 13-15-00337-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JUAN HERRERA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Juan Herrera, proceeding pro se, filed a petition for writ of mandamus on July 24, 2015. Through this original proceeding, relator requests that we direct the trial court to rule on relator's motion to "inspect, retain, and/or purchase" a copy of the appellate record pertaining to relator's conviction for murder. This Court previously affirmed that conviction by direct appeal. *See Herrera v. State*, No. 13-11-00084-CR, 2012 WL 2861673, at *1 (Tex. App.—Corpus Christi July 12, 2012, no pet.) (mem. op.,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

not designated for publication). Relator contends that the record is necessary so that he can prepare a post-conviction petition for writ of habeas corpus. For the following reasons, we deny the petition for writ of mandamus.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see White v. Reiter*, 640 S.W.2d 586, 594 (Tex. Crim. App. 1982). Stated otherwise, a trial court has a ministerial duty to consider and rule, within a reasonable time, on motions properly filed and pending before the court. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, in proper cases, mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

As an initial matter, we address our jurisdiction to consider the mandamus petition. Generally, an intermediate court of appeals has no jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 46 2015 R.S.); *see also Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.). Similarly, an intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). However, the court of criminal appeals has held that its "exclusive Article 11.07 jurisdiction [does not] divest[ ] an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district court is not ruling on a motion when the relator has no Article 11.07 application pending." *Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding). Relator's mandamus petition indicates that he has not yet filed a petition for

3

writ of habeas corpus. Therefore, we have jurisdiction to hear this petition for writ of mandamus. *See id.* We next turn to the merits of relator's claim.

According to the documents attached to relator's petition, he filed a "second" motion to "inspect, retain and/or purchase" the trial court record on December 9, 2014. On June 2, 2015, relator sent a letter to the district clerk asking if the motion had been presented to the trial court for its consideration. Relator thereafter, on June 25, 2015, filed an objection to the trial court's failure to rule on the motion. The record before this Court fails to contain file-stamped copies of any of these documents.

Filing a motion with the district clerk does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). In this regard, the mere filing of a motion does not equate to a request that the trial court rule on the motion. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. In re Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion."). Here, there is nothing in the limited record before this Court to establish that relator has ever requested a ruling on his motion or otherwise called the motion to the respondent's attention. *See Barnes*, 832 S.W.2d at 426 (denying mandamus petition where relator did not ask for a hearing on his motions or take any action to alert trial court that it had not yet considered his motions). Accordingly, relator has not furnished an appendix sufficient to support his claim for relief insofar as he has not demonstrated that his pleadings were presented to the respondent and the

4

respondent has refused to rule on them. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has failed to establish his entitlement to mandamus relief. Therefore, we DENY relator's petition for writ of mandamus. We dismiss as moot relator's motion for leave to file the petition for writ of mandamus because the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of July, 2015.