**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed January 18, 2018.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-17-00949-CR

### IN RE DAVID STARKS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1540047**

## MEMORANDUM OPINION

On December 6, 2017, relator David  Starks filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to declare the felony conviction and judgment against him void.

This court, as an intermediate court of appeals, has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a), (b) (West 2015); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases"); *Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding) ("Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals") (citing Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a), (b)); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings").

Accordingly, we dismiss relator's petition for want of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Busby and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).