# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00386-CR

---

**Jacob Mediano, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-14-1052-SB-W-1, THE HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted Jacob Mediano of aggravated sexual assault of a child, the district court assessed punishment at fifty years' imprisonment, and this Court affirmed his conviction. *See Mediano v. State*, No. 03-16-00211-CR, 2017 Tex. App. LEXIS 6548, at \*7 (Tex. App.—Austin July 18, 2017, pet. ref'd) (mem. op., not designated for publication). Mediano subsequently filed a postconviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.07. The district court entered findings of fact and an order on May 3, 2019 recommending denial of the application and forwarded a copy to the Texas Court of Criminal Appeals. Mediano then filed a notice of appeal in this Court contending that the district court judge was "subject to recusal" and challenging the district court's findings of fact and order.

However, this court has no jurisdiction over postconviction writs of habeas corpus in felony cases. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *see also* Tex. Code Crim. Proc. art. 11.07, § 3 (requiring postconviction applications for writs of habeas corpus in felony cases in which death penalty was not assessed to be filed in court of original conviction and made returnable to court of criminal appeals). The Texas Court of Criminal Appeals has exclusive jurisdiction to review the merits of a postconviction application for habeas relief under article 11.07. *See* Tex. Code Crim. Proc. art. 11.07, § 5; *see also In re Fierro*, No. 03-12-00018-CV, 2012 Tex. App. LEXIS 1110, at *2-3 (Tex. App.—Austin Feb. 9, 2012, orig. proceeding) (noting that complaints concerning trial court's recusal in connection with 11.07 postconviction habeas proceeding should be addressed to Court of Criminal Appeals).

Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: August 30, 2019

Do Not Publish

2