

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00814-CR

**EX PARTE** Christopher-Jarvis **PAYNE**

Original Proceeding[1]

PER CURIAM

Sitting:      Beth Watkins, Justice
                  Liza A. Rodriguez, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: September 27, 2023

DISMISSED FOR LACK OF JURISDICTION

Christopher-Jarvis Payne has presented this court with a document entitled "Petition for Writ of Habeas Corpus for Discretionary Review," in which he complains that he was arrested without a warrant and without probable cause. He further complains that he has been "ready and willing to go to trial within the first 90 days of the accusations against him" and "has put in motions requesting speedy trial" but has been "denied his 6th amendment constitutional right to do so." He asks the court "to consider his release from jail for the delay and the State's failure to be ready for trial within 90 days." He "prays that good cause has been shown to grant a discretionary review in a preliminary procedural due process of 'CHRISTOPHER JARVIS PAYNE' and thereof the same for the people of the county of Bexar." We consider and file this document as an original

---

[1]This proceeding arises out of Cause Nos. 2022CR6932 and 2021CR3349, styled *The State of Texas v. Christopher Jarvis Payne*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

application for a writ of habeas corpus.[2] *See Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, orig. proceeding) (construing similar document as an original application for a writ of habeas corpus).

"[A] writ of habeas corpus is the remedy to be used when any person is restrained in his liberty," and it is issued "by a court or judge of competent jurisdiction." TEX. CODE CRIM. PROC. art. 11.01. As it relates to this proceeding, we are not among the list of courts authorized to grant relief pursuant to a pretrial application for a writ of habeas corpus. *See id*. art. 11.05 ("The court of criminal appeals, the district courts, the county courts, or any judge of those courts may issue the writ of habeas corpus . . . ."); *Ex parte Braswell*, 630 S.W.3d at 601. Original jurisdiction to grant relief on an application for writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *Ex parte Braswell*, 630 S.W.3d at 601.

"Article V, section 8 of the Texas Constitution and articles 11.05 (power to issue writs), 11.08 (applicant charged with a felony), and 11.09 (applicant charged with a misdemeanor) of the Texas Code of Criminal Procedure, however, 'combine to provide a procedure for seeking, and jurisdiction, power and authority in district courts under Article 5, § 8, to grant[] relief and, failing there, for appeal to a court of appeals, subject to discretionary review by [the Court of Criminal Appeals].'" *Ex parte Braswell*, 630 S.W.3d at 601 (quoting *Ex parte Renier*, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987)); *see* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. arts. 11.05, 11.08, 11.09. "An applicant could, therefore, invoke the original jurisdiction of the district court through a habeas corpus application." *Ex parte Braswell*, 630 S.W.3d at 601. "This, however, would be

---

[2] It is important to note that this is not a direct appeal of a ruling denying a pretrial application for writ of habeas corpus that was filed in the trial court and challenged the amount or conditions set for bail. Rather, this is an original proceeding, an application for a writ of habeas corpus, filed directly with this court.

subject to cases where 'exclusive, appellate, or original jurisdiction [is] conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body.'" *Id*. (quoting TEX. CONST. art V, § 8). In the instant original proceeding, the original jurisdiction of the district court would not be limited by this court's jurisdiction. *See id*.

"Our original and appellate jurisdiction is limited by the Texas Constitution and by statutes promulgated by the Texas Legislature and approved by the Governor." *Id*. "The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law." *Id*. (citing TEX. CONST. art. V, § 6). The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *Id*.; *see* TEX. GOV'T CODE § 22.221(d). "Thus, the courts of appeals have no original habeas-corpus jurisdiction in criminal matters." *Ex parte Braswell*, 630 S.W.3d at 601-02.

Because Payne requests a writ to be issued by this court in a criminal matter, we have no jurisdiction to rule on his request. Accordingly, this proceeding is dismissed for lack of jurisdiction. *See id*. (dismissing original habeas proceeding for lack of jurisdiction); *Ex parte Martinez*, 175 S.W.3d 510, 513 (Tex. App.—Texarkana 2005, orig. proceeding) (same).

PER CURIAM

Do not publish