

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00341-CR

## EX PARTE BONNIE ALLEN THOMAS

## Original Proceeding

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F50926

## MEMORANDUM OPINION

Bonnie Allen Thomas has filed a document that we have construed as an original application for a writ of habeas corpus. The courts of appeals, however, have no original habeas-corpus jurisdiction in criminal matters. *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, orig. proceeding); *Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding) ("Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals.") (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a)–(b));

*see Ex parte Turner*, No. 12-19-00357-CR, 2020 WL 500780, at *3 n.2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (mem. op., not designated for publication) ("An action to seek habeas relief from a parole hold is solely within the jurisdiction and authority of the Texas Court of Criminal Appeals."). Accordingly, this proceeding is dismissed for want of jurisdiction.


MATT JOHNSON
Justice

Before Chief Justice Gray*,
      Justice Johnson, and
      Justice Smith
*(Chief Justice Gray concurs.)
Dismissed
Opinion delivered and filed October 31, 2024
Do not publish
[OT06]

