**In re Daniel DIMAS.**

**No. 04–02–00398–CV.**

Court of Appeals of Texas,
San Antonio.

July 31, 2002.

**350**

Daniel Dimas, Beaumont, pro se.

Susan D. Reed, Criminl Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

On April 30, 2002, relator, Daniel Dimas, filed a petition for writ of mandamus alleging respondent, Judge Sharon MacRae, abused her discretion in failing to rule on his motion for forensic DNA testing. This court denied relator's petition without prejudice to refile a petition for writ of mandamus accompanied by a record demonstrating that relator called his motion to the trial court's attention and asked for a ruling. *See In re Dimas,* No. 04–02–00317–CV, 2002 WL 1058534 (San Antonio May 29, 2002)(orig.proceeding)(not designated for publication). Relator has refiled his petition for writ of mandamus with a record that satisfies Texas Rule of Appellate Procedure 52.8. Because respondent has initiated some action on relator's motion, we deny relator's petition.

## BACKGROUND

Relator plead guilty, pursuant to a plea bargain agreement, to the offense of sexual assault. The trial court sentenced relator to six years confinement in the Texas Department of Criminal Justice. On June 1, 2001, relator filed a motion for forensic DNA testing with the district clerk's office pursuant to article 64.01 of the Texas Code of Criminal Procedure along with a motion for a ruling on his motion for forensic DNA testing. After failing to obtain a ruling on his motion, relator, on September 8, 2001, filed a second motion for a ruling on his motion for forensic DNA testing. Because the trial court failed to respond to either of his motions, relator filed a petition for writ of mandamus requesting that this court issue mandamus to compel the trial court to rule on his motion for forensic DNA testing. Respondent filed a response in this court stating that she appointed relator counsel in accordance with article 64.01(c) on June 5, 2002, shortly after this court denied relator's first petition. The response included a copy of the order appointing relator counsel. In her order appointing counsel, respondent ordered appointed counsel to file

a motion for forensic DNA testing within 90 days from the date of her order.

■ A trial court is required to consider and rule upon a motion within a reasonable time. *In re Bonds,* 57 S.W.3d 456, 457 (Tex.App.-San Antonio 2001)(orig.proceeding); *Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997)(orig.proceeding). For purposes of establishing that the trial court has abused its discretion in failing to rule on a motion, the complainant must establish that the trial court: (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001)(orig.proceeding).

■ Chapter 64 of the Texas Code of Criminal Procedure governs motions for forensic DNA testing. A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp.2002). The Code provides that once a motion is received by the convicting court, it "shall" respond by providing the State's attorney with a copy of the motion *and* requiring the State's attorney to deliver the evidence, along with a description of its condition or, if the State cannot deliver the evidence, it must explain in writing why it cannot. *See* Tex.Code Crim. P. art. 64.02 (emphasis added). Under Chapter 64, a convicted person who plead guilty or nolo contendere may submit a motion and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea. *See* Tex.Code Crim. Proc. Ann. art. 64.03(b) (Vernon Supp.2002).

■ In the instant matter, the trial court responded to relator's motion by appointing counsel for relator pursuant to article 64.01(c) which provides that a convicted person is entitled to counsel during a proceeding under chapter 64. While we do not believe another motion for forensic testing is required under the express language of chapter 64, we cannot say the trial court has failed or refused to act on relator's motion. For this reason, we conclude that mandamus relief is not appropriate at this time.