NUMBER 13-11-00004-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE A. D.L.R., JR.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and
Perkes

Per Curiam
Memorandum Opinion[1]

            Relator,
A. D.L.R., Jr., filed a petition for writ of mandamus in the above cause on January
6, 2011, seeking to compel the Honorable Brent Chesney, Judge of County Court
at Law Number Five, to either order relator released from detention or sign
relator’s conditions of probation.  Based upon the text of the petition for
writ of mandamus, relator may also be complaining that the trial court has not
yet set a writ of habeas corpus, filed on January 5, 2011, for hearing.

It is the relator's burden to
provide this Court with a sufficient petition and record to establish his right
to mandamus relief.  See generally Tex.
R. App. P. 52.  Specifically, for instance, the relator must file an
appendix with the petition for writ of mandamus, and the appendix must include,
inter alia, a certified or sworn copy of any order complained of, or any other
document showing the matter complained of.  See id. 52.3(k).  The
relator must also file a record including a “certified or sworn copy of every
document that is material to the relator's claim for relief and that was filed
in any underlying proceeding,” and “a properly authenticated transcript of any
relevant testimony from any underlying proceeding, including any exhibits
offered in evidence, or a statement that no testimony was adduced in connection
with the matter complained.”  See id. 52.7(a).  Further, relator must
file a certification with the petition for the petition for writ of mandamus
stating that every factual statement in the petition is supported by competent
evidence included in the appendix or record.  See id. 52.3(j).  Finally,
the petition for writ of mandamus must contain a “clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
appendix or record.”  See id. 52.3(h).

            In the
instant case, relator has failed to meet these requirements and has thus failed
to provide this Court with a petition and record sufficient to establish his
right to mandamus relief.  Specifically, relator has failed to include in the
appendix or record any of the relevant orders of the trial court or transcripts
of pertinent hearings showing the matters complained of.  Moreover, to the
extent that relator is contending that the trial court has failed to rule in a
timely manner, or has failed to set a hearing on a pending matter, relator has
failed to show that the trial court had a legal duty to rule; was asked to
rule; and failed or refused to do so in a reasonable period of time.  See In
re Dimas, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig.
proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001,
orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding).

            The
Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not presently shown himself entitled to the
relief sought.  Accordingly, the petition for writ of mandamus is DENIED
without prejudice.  See Tex. R.
App. P. 52.8(a). 

 

                                                                                                PER
CURIAM

 

 

 

Delivered and filed the

7th day of January, 2011.

                                                

 

                                                                                                

 









[1]
See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).