

# NUMBER 13-11-00004-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE A. D.L.R., JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Per Curiam Memorandum Opinion[1]

Relator, A. D.L.R., Jr., filed a petition for writ of mandamus in the above cause on January 6, 2011, seeking to compel the Honorable Brent Chesney, Judge of County Court at Law Number Five, to either order relator released from detention or sign relator's conditions of probation. Based upon the text of the petition for writ of mandamus, relator may also be complaining that the trial court has not yet set a writ of habeas corpus, filed on January 5, 2011, for hearing.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Specifically, relator has failed to include in the appendix or record any of the relevant orders of the trial court or transcripts of pertinent hearings showing the matters complained of. Moreover, to the extent that relator is contending that the trial court has failed to rule in a timely manner, or has failed to set a hearing on a pending matter, relator has failed to show that the trial court had a legal duty to rule; was asked

2

to rule; and failed or refused to do so in a reasonable period of time. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not presently shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED without prejudice. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
7th day of January, 2011.