

# NUMBER 13-11-00073-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ARMANDO TIJERINA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, Armando Tijerina, pro se, filed a petition for writ of mandamus in the above cause on February 14, 2011, seeking to compel the trial court to issue rule on relator's "motion for reconsideration on additional evidence." We deny the petition for writ of mandamus for the reasons stated herein.

First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Specifically, for instance, the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

petition lacks both appendix and record.  *See id.* 52.3(k), 52.7.  Second, relator has not demonstrated that the respondent has expressly refused to rule on relator's motion or that an unreasonable amount of time has passed since the motion was filed.  *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).  Third, although the pleadings are unclear, it appears that relator may be attempting to challenge the trial court's actions pertaining to a post-conviction writ of habeas corpus.  Article 11.07 of the Code of Criminal Procedure provides the exclusive means to challenge a final conviction.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (Vernon Supp. 2010).  Pursuant to that article, only the Texas Court of Criminal Appeals has jurisdiction to grant post-conviction relief from a final felony conviction.  *See id.; In re McAfee*, 53 S.W.3d 715, 717-18 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the petition for writ of mandamus should be denied.  *See* TEX. R. APP. P. 52.8.  Accordingly, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
See Tex. R. App. P. 47.2(b).
Delivered and filed the
15th day of February, 2011.