Petition for Writ of Mandamus
Denied and Memorandum Opinion filed April 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00279-CV

____________

 

IN RE RALPH O. DOUGLAS, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

129th District Court

Harris County, Texas

Trial Court Cause No. 2001-55507

 

 

 



M E M O R
A N D U M   O P I N I O N

            On March 30, 2011, relator Ralph O. Douglas, a pro se
inmate appearing in forma pauperis, filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Douglas complains that respondent, the Honorable Michael
Gomez, presiding judge of the 129th District Court of Harris County, has failed
to rule on his motion for contempt against Linda Porter in the underlying
action styled Ralph O. Douglas v. Linda Porter and Marcelyn Curry, in
cause number 2001-55507.  

            The trial court signed a final judgment in cause number
2001-55507 on December 15, 2009.  See Lehmann v. Har-Con, 39 S.W.3d 191,
200 (Tex. 2001) (holding that if the intent to finally dispose of the case is
unequivocally expressed in the order, it is final and appealable).  Douglas has
perfected an appeal from the final judgment, and his appeal is currently
pending before this court under our case number 14-10-00055-CV. 

            Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  It is the
relator’s burden to provide this court with a sufficient record to establish
the right to mandamus relief.  Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992); Tex .R. App. P. 52.3.

            To establish an abuse of discretion by failing to rule on a motion,
the relator must show that the trial court: (1) had a legal duty to rule; (2)
was asked to rule; and (3) failed or refused to do so.  See In re Dimas,
88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).  A party who
complains about a trial court's refusal to rule on a pending motion must show
that the matter was brought to the attention of the trial court and that the
trial court failed or refused to rule.  In re Hearn, 137 S.W.3d 681, 685
(Tex. App. —-San Antonio 2004, orig. proceeding).  Merely filing a matter with
the district clerk is not sufficient to impute knowledge of the pending
pleading to the trial court.  See In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.—Amarillo 2001, orig. proceeding).

            First, Douglas has not established that the trial court had a
legal duty to rule on his motion.  The trial court lacks plenary jurisdiction
to rule on Douglas’s motion.  See Tex. R. Civ. P. 329b.  Douglas has
also failed to demonstrate that the motion for contempt was brought to the
attention of the trial court.  

Accordingly, we deny Douglas’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher.