

# NUMBER 13-12-00613-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DAVID GONZALEZ JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, David Gonzalez Jr., proceeding pro se, filed a petition for writ of mandamus in the above cause on October 11, 2012. By this petition, relator seeks to compel an unspecified district judge to grant relator's requests to issue service of process and to proceed in forma pauperis in a civil lawsuit allegedly filed by relator approximately nine months ago. We deny the writ.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

# I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Texas Rules of Appellate Procedure delineate the required form for an original proceeding, such as a petition for writ of mandamus, and the failure to comply with the appellate rules renders an original proceeding defective. *See, e.g.*, TEX. R. APP. P. 9.5(a), (d), (e) (requiring proof that copies of documents presented to court for filing were served on all parties to proceeding); *Id.* R. 52.3(a)—(i) (requiring that petition include identity of parties and counsel, table of contents, index of authorities, statement of case, statement of jurisdiction, issues presented, statement of facts, argument— including appropriate citations to authorities and to appendix or record materials, and prayer for relief); *Id.* R. 52.3(j) (requiring certification that relator reviewed petition and concluded that every factual statement in petition is supported by competent evidence included in appendix or record); *Id.* R. 52.3(k) (requiring relator to file an appendix including, inter alia, a certified or sworn copy of any order complained of); *Id.* R. 52.7(a) (requiring relator to file a record including, inter alia, certified or sworn copies of all documents material to the claim for relief).

## II. ANALYSIS

In the instant case, relator has not furnished an appendix or record sufficient to support the claim for relief insofar as relator has not demonstrated that his requests to proceed in forma pauperis or for issuance of citation were presented to a respondent judge and the respondent expressly refused to rule on these matters. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Further, the documents attached to the writ of mandamus are not complete, file-stamped, certified, or sworn. Moreover, relator has not shown that the substantive law supports his position that the trial court has a ministerial duty regarding the issuance of citation. Pursuant to Texas Rule of Civil Procedure 99, a party filing a petition is required to request that citation be served on the opposing party and to direct the clerk of the court where to serve the opposing party. *See id.* Relator essentially contends that the duty to order citation rests with the trial court judge; however, the law imposes no duty on the trial judge to monitor citation or to order citation be issued sua sponte*. See id.*; *see also In re Kennedy*, No. 12-08-00171-CV, 2008 Tex. App. LEXIS 3693, at *2 (Tex. App.—Tyler May 21, 2008, orig. proceeding) (mem. op.) ("We have been unable to locate any authority for the proposition that the respondent trial courts have a duty to issue citation."); *In re Fulton*, No. 07-05-0376-CV, 2005 Tex. App. LEXIS 9041, at **1–3 (Tex. App.—Amarillo Nov. 1, 2005, orig. proceeding) (mem. op.) ("The law imposes no duty on the trial judge to monitor citation or to order citation be issued sua

3

sponte."). However, to the extent that issuance of citation may implicate the trial court's jurisdiction, the trial court, and not the appellate court, may issue a writ of mandamus to compel the district clerk to issue citation. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West 2004) (delineating the original jurisdiction of the appellate courts); *see also In re Westbrook*, No. 09-03-294 CV, 2003 Tex. App. LEXIS 5971, at **1–2 (Tex. App.—Beaumont July 10, 2003, orig. proceeding) (mem. op. per curiam) ("Because issuance of citation implicates the trial court's jurisdiction, the district court, not the appellate court, may issue a writ of mandamus to compel the district clerk to issue citation.").

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Delivered and filed this
15th day of October, 2012.

4