**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-13-00213-CV**

---

**IN RE JOSE JUAN AMARO, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67083**

---

## MEMORANDUM OPINION

On March 12, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable K. Randall Hufstetler, presiding judge of the 300th District Court of Brazoria County, to rule on his motion to set aside a default judgment filed on or about December 31, 2012.

Mandamus relief is available only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). It is the relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992); Tex.R.App. P. 52.3.

To establish an abuse of discretion by failing to rule on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See In re Dimas,* 88 S.W.3d 349, 351 (Tex.App.-San Antonio 2002, orig. proceeding). A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *In re Hearn,* 137 S.W.3d 681, 685 (Tex.App.-San Antonio 2004, orig. proceeding). Merely filing a matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding).

While relator has provided a copy of his motion, the copy is not certified and bears no file stamp. Relator has attached a printout from a website that reports "Events and Orders of the Court" which states a motion for telephonic hearing was filed December 26, 2012, but the record does not establish the motion was presented to the trial court for ruling. Thus, the record before this court fails to demonstrate a motion was properly filed and the trial court had actual knowledge of it. Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker,* 827 S.W.2d at 837.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.