**Opinion of March 26, 2013, Withdrawn and Petition for Writ of Mandamus Denied and Corrected Memorandum Opinion filed April 12, 2013.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00231-CV

---

### IN RE DAVID CARL WORMINGTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-20973**

## CORRECTED MEMORANDUM OPINION

This court withdraws its opinion of May 26, 2013, and issues this corrected opinion in its place because of the opinion incorrectly identified the District Court.

On March 19, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Bonnie Crane

Hellums, presiding judge of the 247th District Court of Brazoria County to rule on his motion for contempt of court and request for hearing on motion for contempt.

Mandamus relief is available only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). It is the relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992); Tex.R.App. P. 52.3.

To establish an abuse of discretion by failing to rule on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See In re Dimas,* 88 S.W.3d 349, 351 (Tex.App.-San Antonio 2002, orig. proceeding). A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *In re Hearn,* 137 S.W.3d 681, 685 (Tex.App.-San Antonio 2004, orig. proceeding). Merely filing a matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding).

While relator has provided copies of his motions, the copies are not certified and bear no file stamp. The record does not establish the motions were presented to the trial court for ruling. Thus, the record before this court fails to demonstrate a motion was properly filed and the trial court had actual knowledge of it. Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker,* 827 S.W.2d at 837.

2

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Christopher, Jamison, and McCally.