**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00300-CV

## IN RE ZAHIR QUERISHI, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 86707**

## MEMORANDUM OPINION

On April 5, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.22; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Michael Schneider, presiding judge of the 315th District Court of Harris County, to rule upon his motion to compel issuance of citation, filed February 4, 2013.

The motion to compel issuance of citation was filed in connection with relator's application for writ of habeas corpus filed October 4, 2012. Relator has provided a copy of the motion that bears a file stamp from the district clerk.

Mandamus relief is available only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex. 2004). It is the relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992); Tex. R. App. P. 52.3.

To establish an abuse of discretion by failing to rule on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See In re Dimas,* 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). A relator must demonstrate that the trial court was presented with the motion, but refused to rule within a reasonable time. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *In re Hearn,* 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Merely filing a matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *See Chavez,* 62 S.W.3d at 228.

The record does not establish the motions were presented to the trial court for ruling. Thus, the record before this court fails to demonstrate the trial court had actual knowledge of the motion and has refused to rule. Moreover, in determining whether the trial court ruled within a reasonable time period, the court considers

the trial court's actual knowledge of the motion, its overt refusal to act on the motion, the state of the court's docket, and the presence of other, more pressing, judicial and administrative matters. *See id.* at 228–29. The record is silent as to these considerations, and relator has not shown the trial court's delay, from February 4, 2013, to April 5, 2013, to be per se unreasonable. *See, e.g., In re Villarreal,* 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (finding five-month delay not per se unreasonable).

Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker,* 827 S.W.2d at 837. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison and Busby.

3