

# NUMBERS
# 13-13-00310-CR
# 13-13-00311-CR
# 13-13-00312-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LINDA GAMEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Perkes
## Memorandum Opinion Per Curiam[1]

On June 19, 2013, relator, Linda Gamez, proceeding pro se, filed a petition for writ of mandamus arising from trial court cause numbers 09-10-11,123, 12-05-11,670A, and 12-07-11,713 in the 24th District Court of De Witt County, Texas, docketed respectively in our appellate cause numbers 13-13-00310-CR, 13-13-00311-CR, and 13-13-00312-CR. Relator contends that she filed a motion to rescind and/or consolidate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

an "Order to Withdraw Funds" in these causes on or about March 22, 2013, but the trial court has failed to rule on this motion. Relator requests that we order the respondent to rule on relator's motion and notify relator of the ruling thereon.

To be entitled to mandamus relief, relator must establish both that she has no adequate remedy at law to redress her alleged harm, and that what she seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show [herself] entitled to the extraordinary relief [she] seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In the instant case, the petition for writ of mandamus fails to comply with the foregoing requirements. *See generally* TEX. R. APP. P. 52.3. Further, relator has not

demonstrated that the respondent expressly refused to rule on relator's motion or that an unreasonable amount of time has passed since the motion was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus in each of these causes is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2013.

3