

# NUMBER 13-14-00411-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LOUIS WAYNE TEETER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Louis Wayne Teeter, proceeding pro se, filed a petition for writ of mandamus in the above cause on July 21, 2014 asking this Court to compel the trial court to issue a ruling on relator's motion to preserve evidence.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 07-CR-92-F in the 214th District Court of Nueces County. Relator's conviction in that cause has already been addressed by direct appeal. *See Teeter v. State*, No. 13–07–00578–CR, 2009 WL 4251166 (Tex. App.—Corpus Christi, July 23, 2009) (mem. op., not designated for publication), *rev'd in part & aff'd in part*, No. PD–1169–09, 2010 WL 3702360 (Tex. Crim. App. Sep. 22, 2010) (not designated for publication). This Court has previously denied a petition

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Jud. Dist. Ct. of App.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. *See State ex rel. Young*, 236 S.W.3d at 210. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P.

---

for writ of mandamus filed by relator concerning the same issue presented herein. *See In re Teeter*, No. 13-14-00226-CR, 2014 WL 1669068, at *1 (Tex. App.—Corpus Christi Apr. 22, 2014, orig. proceeding) (mem. op. per curiam) (not designated for publication).

52.3. Second, relator has not demonstrated that the trial court has been presented with and expressly refused to rule on relator's motion, or that an unreasonable amount of time has passed since the motion was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Accordingly, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of July, 2014.

3