

**NUMBERS 13-17-00017-CR & 13-17-00018-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE RICKY JOE URENDA**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Longoria[1]**
**Memorandum Opinion Per Curiam[2]**

On January 11, 2017, relator Ricky Joe Urenda, proceeding pro se, filed petitions for writ of mandamus seeking to compel the trial court to dismiss the "indictment, information, or complaint" filed by the State of Texas against the relator in trial court cause number CR-2425-15-H in the 389th District Court of Hidalgo County and trial court cause

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 et seq. (West, Westlaw through 2015 R.S.).

[2] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

number 15-03907-G in the County Court at Law No. 7 of Hidalgo County, and docketed in our respective causes as 13-17-00017-CR and 13-17-00018-CR.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*.*" *See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus filed in these causes, is of the opinion that relator has not met his burden to obtain relief. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* Tex. R. App. P. 52.3. In addition to other deficiencies, relator

has failed to file an appendix or record in support of his petitions. Second, relator has not demonstrated that the respondent expressly refused to rule on relator's motions and pleadings or that an unreasonable amount of time has passed since the motions and pleadings were filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Third, insofar as relator requests that we compel the trial court to dismiss the cases against him with prejudice, we note that an appellate court may not direct the trial court to make a specific ruling on a pending motion. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator's petition for writ of mandamus in each of these causes is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of January, 2017.

3