**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 28, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00044-CV

---

### IN RE Z.Q., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 86707**

---

## MEMORANDUM OPINION

On January 19, 2021, relator Z.Q. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Leah Shapiro, presiding judge of the 315th District Court of Harris County, to rule on relator's application for writ of habeas corpus.

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To be entitled to mandamus relief for failure to rule on a motion, the record must show that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator has not met his burden. To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Flanigan*, 578 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

In his petition, relator states that he sent an application for writ of habeas corpus to the trial court via certified mail return receipt requested on November 18, 2020, with a cover letter addressed to the Harris County District Clerk asking to "have his aforementioned documents brought to the attention of the court to be considered and ruled upon as soon as the business of the court permits." Relator

2

also requested that the clerk stamp the application and the cover letter and return the file-stamped copies to him in the enclosed self-addressed stamped envelope. The record contains a copy of a green card addressed to the Harris County District Clerk, which was signed on November 23, 2020, but it does not identify what was mailed to the district clerk. The copies of the application and the cover letter in the record do not bear a file stamp and relator has not otherwise provide any proof that they were filed and are pending in the trial court. Therefore, relator has not demonstrated that his application is pending in the trial court. *See Gomez*, 602 S.W.3d at 74; *Flanigan*, 578 S.W.3d 636; *Henry*, 525 S.W.3d 381, 382.

Even if relator were able to show that his application has been filed and is pending in the trial court, he has not shown that his application has been presented to the trial court. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying mandamus relief in part because relator did not take any action to alert trial court that it had not yet considered his motions) Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *Hearn*, 137 S.W.3d at 685.

The record includes three letters dated December 7, 2020, December 21, 2020, and January 4, 2021, and addressed to the court coordinator asking that the trial court be made aware of the application, an evidentiary hearing be scheduled, and that the trial court rule on the application. Relator has not included anything in the record to satisfy his burden that his application was in fact presented to the trial court or that the court was aware of the application.

3

Relator has not established his entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. Relator's motion to suspend the rules is dismissed as moot.

PER CURIAM

Panel consists of Justices Wise, Hassan, and Wilson. (Hassan, J., concurring without opinion).