**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 20, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00340-CV

## IN RE JOSE JUAN AMARO, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
300th District Court
Brazoria County, Texas
Trial Court Cause No. 67083

## MEMORANDUM OPINION

On May 5, 2014, relator Jose Juan Amaro filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable K. Randall Hufstetler, presiding judge of the 300th District Court of Brazoria County, to rule

on relator's motion to set aside a default judgment filed with the trial court on or about December 31, 2012. We deny relator's petition.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker*, 827 S.W.2d at 837.

The act of a trial court considering and ruling on a motion that is properly filed and before it is a ministerial act, and, in appropriate cases, mandamus may issue to compel a trial court to act on a motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

On the other hand, a court is not required to consider a motion not brought to its attention. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig.

2

proceeding). Thus, a party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court. *Blakeney*, 254 S.W.3d at 662; *Hearn*, 137 S.W.3d at 685. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention, because the clerk's knowledge is not imputed to the trial court. *Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

It is the relator's burden to provide the court with a sufficient record to establish the right to mandamus relief. *See* Tex. R. App. P. 52.3, 52.7; *Walker* 827 S.W.2d at 837; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding). Relator attached a limited record to his petition consisting of only five documents: (a) the notice of default judgment he seeks to set aside; (b) a letter purportedly sent to the Brazoria County District Clerk in December 2012 enclosing his motion to set aside the default judgment; (c) the file-stamped copy of his motion to set aside; (d) a letter dated January 28, 2014 purportedly sent to Judge Hufstetler; and (e) an affidavit in support of relator's petition, reiterating the key assertions stated in his petition. These documents fail to demonstrate that his motion was brought to the attention of the trial court.

The copy of relator's motion to set aside bears a file-stamp indicating it was received by the district clerk, but since the clerk's knowledge cannot be imputed to the trial court, this document is insufficient to satisfy relator's burden. *See Blakeney*, 254 S.W.3d at 662; *Chavez*, 62 S.W.3d at 228. Relator's letter to the Brazoria County District Clerk also is insufficient for the same reason.

Relator focuses in particular on the January 28, 2014 letter purportedly sent to Judge Hufstetler. But this document also is insufficient to satisfy relator's burden, because the letter is not certified or file-stamped and does not include any other indication on its face that it actually was received, let alone presented to the trial court. *See In re Risley*, No. 14-06-01005-CV, 2006 WL 3486823, *2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2006, orig. proceeding) (mem. op. per curiam) (stating relator's "copies of his subsequent motions and letters to the clerk are not certified and do not reflect a file stamp; therefore, the copies do not evidence that relator made the court aware of his subsequent motions nor that he asked the court to rule and it refused"); *see also Villarreal*, 96 S.W.3d at 710 (mailing of application deemed insufficient because it did not establish, *inter alia*, "whether it was received by the district court, and the date on which it was received (assuming it was received)").

And relator's affidavit merely reiterates the factual assertions stated in his petition, but provides no proof that his motion was brought to the attention of or presented to the trial court. *See Blakeney*, 254 S.W.3d at 662; *Villarreal*, 96 S.W.3d at 710; *see also In re Amaro*, No. 14-13-00813-CV, 2013 WL 5568395, *1 (Tex. App.—Houston [14th Dist.] Oct. 8, 2013, orig. proceeding) (mem. op. per curiam) ("We cannot accept an affidavit as a substitute for the official record.").

Even if relator had provided documents sufficient to demonstrate that his motion was brought to the attention of the trial court, relator still would not be entitled to mandamus relief. As noted above, a relator seeking mandamus relief to compel a court to act on a motion must demonstrate that the court has a legal duty

4

to rule. *See O'Connor*, 837 S.W.2d at 97; *Dimas*, 88 S.W.3d at 351. The documents in the record indicate the trial court's plenary power expired prior to the filing of relator's motion to set aside.

Specifically, the default judgment was entered on October 25, 2012. Relator's motion was not dated until December 19, 2012, and not file-stamped by the district clerk until January 14, 2013. As a general matter, trial courts retain plenary power over a case only for thirty days after signing a judgment (subject to limited extensions of time that do not appear to have occurred in this case). *See* Tex. R. Civ. P. 329b; *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Therefore, the trial court's plenary power expired by the time relator filed his motion. "In the absence of plenary power, the trial court had no legal duty to rule on relator's motion . . . ." *In re Thompson*, No. 14-14-00247-CV, 2014 WL 1482486, *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, orig. proceeding) (mem. op. per curiam).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.